UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA CONSTANTINE,

    Plaintiff,

v.                                              Case No.:   2:23-cv-297-SPC-NPM

SHERIFF WILLIAM PRUMMELL
and CHARLOTTE COUNTY
SHERIFF'S DEPT.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Sandra Constantine's "Emergency Injunction for Relief of Plaintiff's Civil Liberties and the Violations of Her U.S. Constitutional Rights (Doc. 1). The Court construes it as a complaint because only a complaint can commence a civil action. *See* Fed. R. Civ. P. 3. Constantine is an inmate in Charlotte County Jail, and she appears to seek relief under 18 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Constantine leave to proceed *in forma pauperis*, so the Court must review the construed complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks relief from someone who is immune. 18 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915(e)(2). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Constantine is representing herself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Constantine alleges a violation of her right to access the courts. Constantine's pleading is light on facts, but the exhibits flesh out the story. Charlotte County Jail provides inmates tablets to inmates, which they can use

2

to conduct legal research, among other things. On April 6, 2023, a prison official noticed Constantine's tablet was damaged and issued a disciplinary report. After a hearing, Constantine was found guilty of a rule violation for damaging the tablet, and her tablet privileges were revoked for 30 days. Constantine attempted to conduct legal research by other means—namely by submitting "legal request forms"—but she was unsatisfied with the results. She claims the officials who field such requests are unqualified and do not provide accurate and reliable legal materials. Constantine claims her ability to litigate ongoing criminal and civil cases has been impeded.

Constantine's complaint fails to state a claim against the only defendant named in the suit, Charlotte County Sheriff William Prummell. It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (internal quotation marks and citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id.*

Constantine does not allege Prummell personally participated in the revocation of her tablet privileges, nor does she identify a causal connection

between Prummell's actions and any constitutional violation. In fact, Constantine makes no allegations against Prummell at all. She has not stated a claim for supervisory liability. The Court will thus dismiss the complaint and give Constantine an opportunity to amend. Constantine should include as defendants only those officials who personally participated in or otherwise caused a constitutional deprivation. The amended complaint must give those defendants fair notice of the claims against them.

Accordingly, it is now

**ORDERED:**

Plaintiff Sandra Constantine's complaint (Doc. 1) is **DISMISSED without prejudice**. Constantine may file an amended complaint, with any exhibits, on or before **August 17, 2023. Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 27, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record